**UNITED STATES DISTRICT COURT
EASTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                Case No. 17-20067

D-2 ALXLEOTOLD GORDON,

       Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO SUPPRESS**

Pending before the court is Defendant's Motion to Suppress Evidence Pursuant to Execution of a Search Warrant (Dkt. #28). The Government has responded. (Dkt. #34.) For the following reasons the court will deny of Defendant's motion.

**I. BACKGROUND**

Defendant is charged with a number of offenses involving the possession and distribution of heroin–including with a resulting death–as well as illegal gun possession charges. Defendant requests that the court suppress all evidence resulting from the execution of a search warrant upon his residence and his statements to the Westland Police Department because the warrant was inadequately supported by a "barebones affidavit" based on an unreliable source, and the search was performed by Westland Police rather than Detroit Police as required under MCL § 764.2a. Defendant concludes that the search thus violated his Fourth Amendment right to be free of unreasonable search and seizure, so the court should suppress any evidence obtained as a result of

the search as well as his custodial statements made following his arrest following the search.

The Government replies that, far from being supported by an unreliable source, the search warrant was predicated upon statements made by Lori Pangborn, who was named in the supporting affidavit, and that this constituted probable cause for the search. The affidavit described details of Defendant's operations based on her personal knowledge gleaned from having purchased heroin from him at the residence on many occasions (*e.g.*, how he packaged heroin, the car he drove, etc.).

The Government further asserts that the Westland Police operated fully in accordance with MCL § 764.2a when they executed the search warrant because they were working "in conjunction with" Detroit Police through contacts between police sergeants at both departments who mutually concluded that Westland Police could execute the warrant without additional support. Even if this was a violation of the statute, the Government continues, it does not imply that exclusion is an appropriate remedy. It also avers that its arrest of Defendant at his home during the execution of a search warrant which led to the discovery of evidence of the charged offenses was perfectly lawful, and therefore the statements Defendant made following the arrest should not be excluded as they are not the result of unlawful or unreasonable steps by the police.

## II. DISCUSSION

Defendant's arguments in favor of the suppression of evidence are unavailing. To start, the search warrant was not supported by a mere "barebones affidavit" as Defendant claims. A "bare bones" affidavit is one that is wholly conclusory, stating only suspicions, beliefs, or conclusions, and providing no underlying factual circumstances

regarding, for example, the veracity and reliability of informants, or the basis of an affiant's knowledge. *Illinois v. Gates*, 462 U.S. 213, 239, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983); *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996). Two single-spaced pages meticulously describe the basis for probable cause to believe that evidence of illegal activities was present in the home, including detailed statements from named informant Lori Pangborn. (Dkt. #34-1, Pg. ID 123.) Anything more than a cursory review of the contents of this affidavit reveals Defendant's contentions that the warrant was inadequately supported to be without merit.

      Defendant's assertion that the informant was not sufficiently reliable because she had not given tips in the past and police identified no corroborating facts is unpersuasive. The Sixth Circuit in *U.S. v. Dyer*, upheld the validity of a search warrant relying on an affidavit involving a confidential informant which "lack[ed] any information about the confidential informant's previous tips, the length or nature of the relationship between the informant and [the affiant], and any indication that the magistrate judge learned of the informant's identity[,]" because "the affidavit asserted that the informant witnessed a drug transaction in the basement of the place to be searched, noted that there was a pool table in the room, stated the exact amount of cash and methamphetamine exchanged, and observed that a large quantity of methamphetamine remained after the sale." 580 F.3d 386, 391 (6th Cir. 2009). It further held that "sufficient indicia of reliability" existed "without substantial independent police corroboration" because "the informant witnessed the illegal activity on the premises searched and was known to the officer writing the affidavit," and "[a]fter being contacted by the informant, [the affiant] met with the informant; and the informant showed [the

affiant] the rental cabin, where cars matching the informant's description were parked." *Id.* at 392.

In this case the strength of the evidence for probable cause at the time the search warrant issued was even stronger than in *Dyer*. Ms. Pangborn's identity, unlike that of the informant in Dyer, was not kept secret. Rather than having witnessed one transaction in a basement, she told police that she purchased heroin "at least a hundred times" from a person named "Al" at the residence. She described the way that he routinely packaged heroin in tin foil, suggesting an ongoing operation. She stated that Al drove a silver Jeep. Later, she physically identified Defendant's home to police as the location where she purchased heroin from Al, and she noted that the silver Jeep parked in the driveway was his. Police then searched a database and found that the resident of the home was a person named "Alxleotold Gordon." Police could reasonably have inferred that "Al" was a shortened version of "Alxleotold" as further corroboration of Ms. Pangborn's account. Just as in *Dyer*, the search warrant here did not lack sufficient support for a finding of probable cause.

Neither is the argument that suppression is justified by the circumstances of its execution persuasive. Even assuming *arguendo* that the conduct of the police violated the Michigan statute at issue, Defendant provides no law suggesting that such a violation is in any way connected to the exclusionary rule first adopted by the Supreme Court in *Weeks v. United States*, 232 U.S. 383 (1914), then extended in *Mapp v. Ohio*, 367 U.S. 643 (1961), as a means of enforcing the Fourth Amendment protections against unreasonable search and seizure. Indeed the view appears to be in direct contradiction to controlling law on the subject. *See, e.g.*, *United States v. Abdi*, 463 F.3d

547, 556 (6th Cir. 2006) ("[T]he exclusionary rule is an appropriate sanction for a statutory violation only where the statute specifically provides for suppression as a remedy or the statutory violation implicates underlying constitutional rights such as the right to be free from unreasonable search and seizure."); *People v. Hamilton*, 465 Mich. 526, 535, 638 N.W.2d 92, 97 (2002) *abrogated on other grounds by Bright v. Ailshie*, 465 Mich. 770, 641 N.W.2d 587 (2002) ("[W]e find no indication in the language of M.C.L. § 764.2a that the Legislature intended to impose the drastic sanction of suppression of evidence when an officer acts outside the officer's jurisdiction."). Thus, the court will not suppress the materials obtained in the course of executing the search warrant.

  Defendant supplies no other argument for the suppression of his statements to police beyond their being arguably the fruit of the poison tree–the search of his home and attendant arrest. Defendant does not, for example, argue that he was not apprised of his rights as required under *Miranda v. Arizona*, 384 U.S. 436 (1966), or that he was improperly questioned after attempting to invoke those rights. The search was lawful and reasonable. Moreover, police had discovered contraband in the course of their search of Defendant's residence where he was present. They had probable cause to believe that he was engaged in felony drug and weapon possession and thus were lawfully entitled to effect his arrest. As the arrest was lawful, the court will not suppress the custodial statements made to police.

## III. CONCLUSION

IT IS ORDERED that Defendant's Motion to Suppress (Dkt. #28) is DENIED.

                         S/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated: June 15, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 15, 2017, by electronic and/or ordinary mail.

                         S/Lisa Wagner
                         Case Manager and Deputy Clerk
                         (810) 982-6522