**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                             Criminal Case No. 17-20067
                                                                            Civil Case No. 19-10139

ALXLEOTOLD GORDON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION
AND DENYING A CERTIFICATE OF APPEALABILITY**

Pursuant to a Rule 11 agreement, Alxleotold Gordon pleaded guilty to: two counts of distribution of and possession with intent to distribute a controlled substance; one count of possession of a firearm in furtherance of a drug trafficking crime; and one count of possession of a firearm by a previously convicted felon. (ECF No. 54.) He was sentenced to 360 months imprisonment. (ECF No. 72.)

Before the court is Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255. (ECF No. 79.) The Government filed a response (ECF No. 89), and Defendant filed a reply (ECF No. 91). Defendant also filed a letter requesting relief, which the court construes as a supplement to his § 2255 motion. (ECF No. 92.) For the reasons stated below, Defendant's motion will be denied.

**I. BACKGROUND**

On January 20, 2017, Defendant sold Lori Ann Pangborn heroin, which also contained fentanyl. (ECF No. 54, PageID.198.) Pangborn then delivered the drugs to an individual referred to as R.D. (*Id.*, PageID.199.) Later that night, Westland EMS responded to a call of a man not breathing, found R.D. unresponsive, and pronounced

him dead at the scene. (ECF No. 89, PageID.463.) As a result of his use of the drugs Pangborn and Defendant distributed, R.D. died from fentanyl toxicity. (ECF No. 54, PageID.199.)

Four days later, Westland Police performed a search of Defendant's home and arrested him. (*Id.*) According to the Government, Defendant confessed after he was given *Miranda* warnings that he sold heroin to Pangborn and that she had informed him the person she delivered the latest heroin to had died. (ECF No. 89, PageID.464.)

Defendant pleaded guilty pursuant to a Rule 11 agreement, which predicted a guideline range of 420 months to life. (ECF No. 54, PageID.200.) Defendant admitted that: he knowingly and intentionally possessed heroin and fentanyl with intent to distribute a mixture of both drugs; in furtherance of such activity, he was illegally in possession of firearms; and prior to this event he was convicted of criminal offenses punishable by more than one year in prison, and so was unable to legally possess any firearms. (*Id.*, PageID.199.) He was sentenced to 360 months in custody, well below the guidelines range. (ECF No. 72.) The court commented at sentencing upon defense counsel's capable and sufficient advocacy for Defendant and confirmed with Defendant at both his plea hearing and sentencing his satisfaction with counsel's representation. (ECF No. 84, PageID.445; ECF No. 78, PageID.371, 392.)

## II. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). This statute "is not a substitute for a direct appeal," and "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit relief. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 166–68 (1982)).

Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error by "establish[ing] a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (internal quotation marks and citations omitted).

Defendant grounds his motion in part upon the alleged inadequacy of his legal representation. To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Next, Defendant "must show that the deficient performance prejudiced the defense." *Id.*

## III. DISCUSSION

Defendant makes three arguments in his motion. The first alleges a due process violation based on an error of the court, while the second and third allege ineffective assistance of counsel. Defendant also requests an evidentiary hearing. The court will address each of Defendant's arguments in turn.

First, Defendant argues that the court was "clearly erroneous" in determining that R.D.'s death was caused by Defendant's distribution of fentanyl-laced heroin to Pangborn. (ECF No. 79, PageID.395, 402.) He refers to this as "an unsupported factual finding" and claims there was insufficient evidence for the court to find that the heroin he gave to Pangborn was the "exact same heroin" that resulted in R.D.'s death. (*Id.*, PageID.403.) Additionally, Defendant argues "that the factual determination as to whether death resulted should have been determined beyond a reasonable doubt rather than by a preponderance of the evidence." (*Id.*, PageID.403–04.)

This argument is both procedurally barred and lacking merit. Defendant had multiple opportunities to contest the factual basis for his convictions. He never did. Rather, as the Government points out, he affirmed the exact finding he now argues is unsupported by the record on multiple occasions: in his Rule 11 Agreement, when he was questioned following his *Miranda* warnings, and during the plea colloquy. (ECF No. 89, PageID.464, 469.) The plea agreement Defendant entered recites that "[a]s a result of his use of the controlled substance Pangborn and Gordon had distributed, R.D. died from fentanyl toxicity." (ECF No. 54, PageID.199.) Defendant also affirmed this under oath at his plea hearing. (ECF No. 84, PageID.446–47.) This sworn testimony at his plea hearing "carr[ies] a strong presumption of verity" and thus "constitute[s] a

4

formidable barrier" to collateral relief. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Moreover, Defendant reviewed the Pre-Sentence Report with his attorney and did not object to this fact. (ECF No. 78, PageID.371.) For all these reasons, this claim fails.

Defendant next argues that he received ineffective assistance of counsel based on his attorney's failure to: (1) argue that the government "failed to provide the necessary factual basis" for Defendant's guilty plea to 18 U.S.C. § 924(c); and (2) object to the two-point enhancement under § 2D1.1(b)(12). (ECF No.79, PageID.395–96.) To establish ineffective assistance of counsel, Defendant must show both deficient performance and prejudice. "An allegation entirely unsupported by the record cannot meet the prejudice component of the *Strickland* inquiry." *Ross v. United States*, 339 F.3d 483, 494 (6th Cir. 2003).

Defendant's first ineffective-assistance argument is reminiscent of his earlier claim and fails for the same reasons. He challenges the factual basis for his guilty plea to possessing a firearm in furtherance of a drug-trafficking crime, although he admitted in his plea agreement that "in furtherance of his illegal drug activity, [he] was in possession of a firearm." (*Id.*, PageID.405–06; ECF No. 54, PageID.199.) At his plea hearing, Defendant affirmed the court's statement that he possessed firearms in part to assist in the protection of himself and his property in the course of his drug distribution activity. (ECF No. 84, PageID.447.) Defendant cannot show he was prejudiced by his attorney's failure to argue that the government did not provide a factual basis for his § 924(c) plea when Defendant admitted the relevant facts.

Next, Defendant argues that his counsel was ineffective by failing to challenge the enhancement under § 2D1.1(b)(12) for maintaining premises for the purpose of drug

5

distribution. (ECF No. 79, PageID.407–08.) Once again, Defendant is unable to show prejudice because this enhancement was included in the plea agreement, which he signed. (ECF No. 54, PageID.209.) Nor did he object to its inclusion in the Pre-Sentence Report. Additionally, Defendant fails to establish that his sentence was impacted in any way by this two-point enhancement, and the government argues that he would have faced the same guidelines range. Because the record undermines any finding of prejudice, the ineffective-assistance-of-counsel claims fail.

Finally, Defendant's request for an evidentiary hearing will be denied. Defendant does not identify any specific facts that if proven true would entitle him to relief, but rather vaguely asserts "that additional facts which would support his claim are not contained within the record." (ECF No. 79, PageID.409.) The court also notes that Defendant improperly attempts to raise new arguments in his reply, including that his guilty plea was coerced and that he is actually innocent of causing R.D.'s death because of the lack of evidence. (ECF No. 91, PageID.483–89.) In any event, these arguments fail. There is ample sworn testimony from Defendant that he entered into the plea agreement knowingly and voluntarily; this "carr[ies] a strong presumption of verity" and thus "constitute[s] a formidable barrier" to collateral relief. *Blackledge*, 431 U.S. at 73–74. Furthermore, "'actual innocence' means factual innocence, not mere legal insufficiency," *Bousely v. United States*, 523 U.S. 614, 623 (1988) (citation omitted), and Defendant repeatedly affirmed the facts underlying his convictions. Nor does Defendant's letter requesting relief affect the court's analysis, as it does not contain any

argument but merely cites two recent Supreme Court decisions which have no apparent bearing on this case.[1] (ECF No. 92.)

## IV. CONCLUSION

Because Defendant has failed to make the required showing to establish a claim for ineffective assistance of counsel or other error meriting relief, the court will deny his Motion to Vacate. The court will also deny a certificate of appealability because jurists of reason would not debate the court's analysis with respect to Defendant's claim. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Accordingly,

IT IS ORDERED that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 79) is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

                                                      s/Robert H. Cleland                /
                                                      ROBERT H. CLELAND
                                                      UNITED STATES DISTRICT JUDGE

Dated: July 29, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2019, by electronic and/or ordinary mail.

                                                      s/Lisa Wagner                     /
                                                      Case Manager and Deputy Clerk
                                                      (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20067.GORDON.Deny2255.2docx.docx

---

[1] *Rehaif v. United States*, No. 17-9560 (U.S. Jun. 21, 2019), held "that in a prosecution under 18 U.S.C. §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at *14. Here, Defendant pleaded guilty under §922(g)(1) to being a felon in possession of a firearm and admitted his relevant status. (ECF No. 54, PageID.199.)
*United States v. Davis*, No. 18-431 (U.S. Jun. 24, 2019), held the residual clause defining a "crime of violence" under 18 U.S.C. § 924(c) unconstitutionally vague. *Id.* at *27. Here, Defendant was not convicted under the residual clause but under § 924(c)(1)(A)(i) for possessing firearms in furtherance of a controlled substance distribution offense. (ECF No. 72.)