# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 17-20067

D-2 ALXLEOTOLD GORDON,

    Defendant.
_____/

### OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO REQUEST THE U.S. DISTRICT COURT TO ORDER THE BUREAU OF PRISONS TO RECALCULATE DEFENDANT['S] SENTENCE"

Defendant Alxleotold Gordon has moved the court to order the Bureau of Prisons to recalculate his sentence ("BOP"). (ECF No. 90.) He argues that he is entitled to additional days of good time through 18 U.S.C. § 3624(b)(1). (*Id.*, PageID.475.) The government filed a response. (ECF No. 97.) For the following reasons, Defendant's motion is denied.

## I. BACKGROUND

On September 28, 2017, Defendant pleaded guilty to distribution of a controlled substance with death resulting, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of a controlled substance with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), possession of firearms in furtherance of a controlled substance distribution offense, 18 U.S.C. §§ 924(c) and 924(c)(1)(A)(i), and possession of firearms and ammunition by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On June 19, 2018, the court sentenced Defendant to a total of 360 months in prison. (ECF No. 72, PageID.343.)

Defendant attempted to vacate his sentence through a 28 U.S.C. § 2255 motion, alleging violations of due process and ineffective assistance of counsel. (ECF No. 79.) On July 29, 2019, the court denied Defendant's motion. (ECF No. 93.) Before ruling, Defendant filed the current motion, seeking additional days of good time credited against his sentence. (ECF No. 90.) He did not pursue additional challenges to the legality of his conviction or his underlying sentence.

## II. DISCUSSION

For this court to decide a motion, it must have jurisdiction. *Sinochen Intern. Co. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431, 127 S.Ct. 1184 (2007) (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94, 118 S.Ct. 1003 (1998)) ("Without jurisdiction the court cannot proceed at all in any cause."). Here, the court lacks jurisdiction under 28 U.S.C. § 2241 motion requirements.

Defendant's motion is properly cast as a § 2241 habeas petition. "A petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (quoting *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). The application of good-time credits falls within the "manner or execution of a sentence" and thus is properly analyzed under § 2241. *Id.*; *Sullivan v. United States*, 90 Fed. Appx. 862, 863 (6th Cir. 2004) (emphasis added) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence *such as the computation of good-time credits*."). *See also Petty v. Stine*, 424 F.3d 509, 510 (6th Cir. 2005) (analyzing a challenge to the BOP's calculation of good-time credits under § 2241); *Lee v. Young*, 43 Fed. Appx. 788, 789 (6th Cir. 2002) (reviewing a loss of good-time credits under §

2241). Given that Defendant seeks additional good-time credit and does not provide any other procedural basis for filing his motion, the court will construe his motion as a § 2241 petition.

"[T]he proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S.Ct. 2711 (2004) (quoting 28 U.S.C. § 2242) (citing 28 U.S.C. § 2243). Accordingly, the court maintains jurisdiction over a § 2241 habeas petition "only if it has personal jurisdiction over the petitioner's custodian." *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003); *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999); *In re Hanserd*, 123 F.3d 922, 925 (6th Cir. 1997); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). The custodian is "the individual having day-to-day control over the facility in which [the petitioner] is being detained" and the individual "with the ability to produce the prisoner's body." *Roman*, 340 F.3d at 319 (quoting *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)); *Padilla*, 542 U.S. at 435. Here, Defendant's custodians are the prison officials at the location of Defendant's detainment, in Pekin, Illinois. (ECF No. 90, PageID.480; ECF No. 97, PageID.515-16.) Defendant does not name his custodians in this petition, nor does he provide the court with any factual basis to assert personal jurisdiction. Thus, this court lacks jurisdiction to hear Defendant's claim.

Additionally, Defendant has not demonstrated that he has exhausted his administrative remedies. "Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006) (citing *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). *See also Campbell v. Barron*, 87 Fed. Appx. 577 (6th Cir. 2004) (dismissing a §

2241 petition that sought good-time credit due to a failure to exhaust administrative remedies laid out under 28 C.F.R. §§ 542.10-19); *Aron v. LaManna*, 4 Fed. Appx. 232, 232-33 (6th Cir. 2001). Defendant did not allege or provide the court with evidence that he completed or attempted exhaustion of his administrative remedies at the BOP. Therefore, dismissal may be appropriate on multiple grounds.

### III. CONCLUSION

Defendant's motion to receive additional days of good-time credit is properly construed as a § 2241 habeas petition. However, Defendant did not file his petition before a court having personal jurisdiction over his custodians in Perkin, Illinois. Thus, the court lacks jurisdiction and Defendant's petition must be dismissed. Accordingly,

IT IS ORDERED that Defendant's "Motion to Request the U.S. District Court to Order the Bureau of Prisons to Recalculate the Defendant['s] Sentence" (ECF No. 90) is DENIED.

                                                s/Robert H. Cleland               /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 30, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 30, 2019, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20067.GORDON.MotiontoRecalculateSentence.RMK.docx