**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No. 17-20067

ALXLEOTOLD GORDON,

    Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S "REQUEST FOR CERTIFICATE OF APPEALABILITY," DENYING DEFENDANT'S "MOTION FOR CERTIFICATE OF APPEALABILITY," AND DENYING DEFENDANT'S "MOTION FOR EXTENSION OF TIME"**

On November 1, 2019, Defendant Alxleotold Gordon filed three motions. Defendant moves for a certificate of appealability from the court's July 29, 2019 opinion denying Defendant's previous 28 U.S.C. § 2255 motion. (ECF Nos. 103, 105.) Defendant also moves to extend time to file an appeal before the Sixth Circuit Court of Appeals. (ECF No. 104.)

In its July 2019 decision, the court "den[ied] a certificate of appealability because jurists of reason would not debate the court's analysis with respect to Defendant's [§ 2255] claim." (ECF No. 93, PageID.505 (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).) The court will not grant reconsideration of a ruling unless "[t]he movant . . . demonstrate[s] a palpable defect by which the court . . . ha[s] been misled" and "show[s] that correcting the defect will result in a different disposition." E.D. Mich. L.R. 7.1(h)(3). Defendant presents no basis for concluding that the court was "misled" by any argument or evidence. *Id.* Defendant takes the

opportunity to instead relitigate his claims and challenge the court's findings. *Id.* ("[T]he court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). Additionally, Defendant's motion is untimely. E.D. Mich. L.R. 7.1(h)(1) ("A motion for . . . reconsideration must be filed within 14 days after entry of the judgment or order."). The court will deny Defendant's request for reconsideration on a certificate of appealability.

Defendant also filed a "Motion to Show Cause to File a Certificate of Appealability." (ECF Nos. 103, 105.) Defendant's motion to show cause is duplicative of his request for a certificate of appealability and will be denied.

Defendant seeks an extension of time to file notice of an appeal. The court's opinion was rendered on July 29, 2019. (ECF No. 93.) Defendant appealed on October 7, 2019, seventy days later. (ECF No. 99.) An appeal must be made within sixty days if one of the parties is the United States, which is the case here. Fed. R. App. P. R. 4(a)(1)(B); 28 U.S.C. § 2107(b). Defendant's appeal was thus late.

Defendant has moved to extend time to appeal after his appeal deadline expired. Where a party has not filed a motion to extend within the expiration of the initial appeal period, the court may extend a deadline to appeal on a showing of "excusable neglect." *Id.*; *Curry v. Eaton Corp.*, 400 Fed. App'x 51, 56 (6th Cir. 2010). Excusable neglect is "an equitable determination, taking account of all relevant circumstances surrounding the party's omission." *Curry*, 400 Fed. App'x at 56 (citing *Pioneer Inv. Servs. Co. v. Brunswick Ass. Ltd.*, 507 U.S. 380, 395 (1993)). Courts generally consider "(1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the

2

reasonable control of the movant, and (4) whether the movant acted in good faith." *Id.* at 56-57. "[T]he excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).

Defendant has demonstrated "extraordinary" circumstances. *Id.* Defendant asserts that his institution of incarceration "was on lockdown approximately six of eight weeks" after the court's opinion. (ECF No. 103, PageID.532.) Later, Defendant says that the lockdown lasted thirty days in total. (ECF No. 104, PageID.533.) Defendant was apparently not given "access to the law library, legal materials or any legal assistants [Defendant] needs" during course of the lockdown. (ECF No. 103, PageID.532.) However, Defendant must file a motion to extend "no later than 30 days after the time otherwise set for bringing appeal." 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A)(i). Defendant's motion to extend was signed on October 29, 2019 and was filed on November 1, 2019. Defendant's time to file a motion to extend expired on Sunday, October 27, 2019.[1] "The 30-day filing deadline set forth in these provisions is 'mandatory and jurisdictional.'" *May v. Apricus Biosciences, Inc.*, 650 Fed. App'x 893, 894 (6th Cir. 2016) (quoting *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010)) (affirming the denial of a motion to extend time to appeal when the motion was filed after the thirty-day cutoff). Defendant's motion to extend will be denied. Accordingly,

---

[1] When an appellate deadline is stated in days, the court must "include the last day of the period, but if the last day is a . . . Sunday . . . the period continues to run until the next day." Fed. R. App. P. 26(a)(1)(C). The day after expiration, Monday, October 28, 2019, is before the date Defendant signed his motion, and before the date it was filed. Even considering the date of signature alone, Defendant's motion is untimely.

3

IT IS ORDERED that Defendant Alxleotold Gordon's "Request for Certificate of Appealability" (ECF No. 105) is DENIED. Defendant's "Motion for Certificate of Appealability" (ECF No. 103) is duplicative and DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion for Extension of Time" (ECF No. 104) is DENIED.

        s/Robert H. Cleland      /
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 30, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner      /
        Case Manager and Deputy Clerk
        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20067.GORDON.COAandExtendedTimetoAppeal.RMK.RHC.docx