**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                  Case No. 17-20067

ALXLEOTOLD GORDON,

          Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**TWO MOTIONS FOR COMPASSIONATE RELEASE**

Defendant Alxleotold Gordon pleaded guilty to distribution of a controlled substance with a death resulting, 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession of a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession of firearms in furtherance of a controlled substance distribution offense, 18 U.S.C. § 924(c) and (c)(1)(A)(i), and being a felon in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 54, PageID.196-98.) On June 19, 2018, the court sentenced Defendant to 360 months imprisonment. (ECF No. 72, PageID.343.)

Defendant has filed two "Motion[s] for Compassionate Release." (ECF No. 116, 122.) In both motions, he argues the health risk presented by the Coronavirus Disease ("COVID-19") at his location of confinement, FCI Pekin, justifies his immediate release. The matter has been thoroughly briefed. (ECF Nos. 119, 124, 126, 128.) For the reasons provided below, Defendant's motions will be denied.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent."

*Extraordinary*, Webster's Third International Dictionary, Unabridged (2020).

"Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as "one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On April 14, 2021, the BOP administered Defendant the first dose of the Moderna COVID-19 vaccine. (ECF No. 128, PageID.848.) Defendant received the second dose on May 11, 2021. (*Id.*) Available scientific evidence demonstrates that the Moderna vaccine is extraordinarily effective at reducing the risk of COVID-19 infection. *See*, *e.g.*, *Moderna COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited June 1, 2021) ("Based on evidence from clinical trials, the Moderna vaccine was 94.1% effective at preventing laboratory-confirmed COVID-19 illness in people who received two doses who had no evidence of being previously infected."); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Moderna vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections);

*COVID-19 Vaccines*, Harvard Medical School,

https://www.health.harvard.edu/coronavirus-and-covid-19/covid-19-vaccines (last visited

June 1, 2021) ("Moderna announced that its vaccine is more than 90% effective against

all COVID-19 cases and more than 95% effective against severe cases of COVID-19 up

to six months following the second dose of the two-dose regimen.").

The court is aware of no scientifically derived evidence showing that there is a

material risk of severe complications or death from COVID-19 to fully vaccinated

individuals. In addition, the BOP has substantially reduced the risk of spread and

exposure to COVID-19 through its vaccination of other inmates. Defendant is confined

at FCI Pekin. Out of 1,166 inmates at FCI Pekin, 553 have been fully vaccinated. *FCI*

*Pekin*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/pek/ (last

visited June 1, 2021); *COVID-19: Coronavirus*, Federal Bureau of Prisons,

https://www.bop.gov/coronavirus/ (last visited June 1, 2021). Consequently, there are

zero active cases of COVID-19 among inmates at the prison. *COVID-19: Coronavirus*,

*supra*.

The remote possibility that COVID-19 will spread through FCI Pekin, the BOP will

fail to contain the outbreak, Defendant will contract COVID-19, and he will develop life-

threatening symptoms does not warrant the extraordinary remedy of compassionate

release. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS ORDERED that Defendant's two "Motion[s] for Compassionate Release"

(ECF Nos. 116, 122) are DENIED.

s/Robert H. Cleland                        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 7, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-20067.GORDON.TwoMotionsforCompassionateRelease.RMK.docx