UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

Alxleotold Gordon,

                Defendant.

_____/

Case No. 17-cr-20067

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

ORDER DENYING DEFENDANT'S
MOTIONS TO MODIFY SENTENCE [130, 131]

On September 18, 2017, Defendant Alxleotold Gordon pled guilty to four offenses pursuant to a Rule 11 agreement: distribution of a controlled substance, resulting in death, in violation of 21 U.S.C. §841 (Count 2); possession of a controlled substance with an intent to distribute in violation of 21 U.S.C. § 841 (Count 4); possession of one or more firearms in furtherance of a controlled substance offence in violation of 18 U.S.C. § 924(c) (Count 5); and possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count 6). (*See* ECF No. 54, PageID.197.) Defendant was

subsequently sentenced to a total term of 360 months' incarceration by the Honorable Robert H. Cleland. (ECF No. 72, PageID.343.) On July 11, 2023, Defendant filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 130.) On July 31, 2023, the case was reassigned from Judge Cleland to the undersigned. On December 12, 2023, Defendant filed an additional motion to modify his sentence that is substantively identical to his prior motion. (*Compare* ECF No. 130 *with* ECF No. 131.)

In his motions, Defendant asserts that the Court should modify his sentence of imprisonment under § 3582(c)(2) in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* ECF Nos. 130, 131.) But Defendant is not entitled to this relief because § 3582(c)(2) only applies to changes to the sentencing guidelines by the United States Sentencing Commission and because *Davis* does not apply to Defendant's conviction and sentence of imprisonment under § 924(c).

First, Defendant cannot seek relief under § 3582(c)(2) because he does not identify an applicable, retroactive change to the sentencing guidelines. Section 3582(c) provides, in relevant part:

2

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As the Supreme Court has explained: "A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Additionally, "a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Bonds*, 839 F.3d 524, 527 (6th Cir. 2016) (citation omitted). Here, Defendant fails to identify an applicable, retroactive change in the sentencing guidelines that results in a reduction in his guideline range. Thus, the Court may not modify Defendant's sentence of imprisonment under § 3582(c)(2).

3

Second, Defendant cannot rely on *Davis* because *Davis* has no bearing on his conviction and sentence under § 924(c) in this case. As relevant here, § 924(c) provides that

> any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A). Under subsection (c), "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" 18 U.S.C. § 924(c)(2). The statute also defines "crime of violence" for purposes of § 924(c) as

> an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held the "residual clause" of the definition of "crime of violence" in § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. But Defendant was not

4

convicted of possession of a firearm during a crime of violence as defined under § 924(c)(3)(B). Instead, Defendant was convicted of possession of a firearm during a ***drug trafficking crime***—specifically, possession of a controlled substance with an intent to distribute in violation of 21 U.S.C. § 841 (Count 4). (*See* ECF No. 54, PageID.197–198; ECF No. 72, PageID.341.) As such, *Davis*'s holding has no bearing on Defendant's conviction and sentence of imprisonment under § 924(c).

Accordingly, the Court DENIES Defendant's motions to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF Nos. 130, 131.)

IT IS SO ORDERED.

Dated: February 7, 2024  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2024.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager