17-20067

FILED
CLERK'S OFFICE

APR 2 3 2025

U.S DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Alxleotold Gordon                    )
                                     )
Vs.                                  )          No.: 2:17-CR-20067(2)
                                     )
United States of America             )
                                     )

-----------------------------------------------------------------------

**18 U.S.C. §3582(c)(2)  Pro-Se  Motion**
**AMENDMENT 782  Drug  +  2**

-----------------------------------------------------------------------

On **Jun 19, 2018** Alxleotold Gordon was sentence to 300 months for a violation of **21 USC §841(a)(1), §841(b)(1)(C)** "Distribution of a controlled substance;" death resulting **Ct2S**; "Possession of a controlled substance with intent to distribute" **CT4S**.  **No Drugs** in **CT2S** or **CT4S**. **(See Indictment).**

Amedment 782 reduced the base offense level by **two** levels for most drugs offenses. **Huges v. United States,** 584 U.S. 675 (2018). See **§2D1.1(C)(15)**(assigning a base offense level of 10 for **(No Drugs).**

Alxleotold Gordon argues that allowing the jdge to find a defendant responsible fo the maximum quantity of drugs that can plausibly be found could result in defendant receiving **excessive** sentences based on a finding of quantity that is more likely than **not** excessive. Such a result will violate Alxleotold Gordon due process rights **(as in this case).** See **Townsend v. Burke,** 334 U.S. 736 (1948)(Sentence may **not** be based on **materially false** information).

## P R E S E N T E N C E    R E P O R T

Alxleotold Gordon argues that the federal rules require the court to hold a hearing to determine disputed isssues of fact included in the **Presentence Report** if it wishes to **rely** upon these facts in sentencing. **Fed.R.Crim.P. 32(c)(3)(D).** The purpose of this hearing though, is to ensure merely that the information relied upon is **not** materially false. Determining that information is **not** materially false **does not** require any type of heightened scrutiny. It is enough that the sentencing judge is convinced that the disputed facts, as

1

alleged, is true. While this result in an underestimation of the quantity of drugs involved. It is nonetheless Constitutionally required to prevent **excessive sentences.** See **United States v. Walton,** 908 F. 22d 1289 (6th Cir. 1990)(when choosing between a number of plausible estimates of drug quantity, none of which is more likely than **not** the correct quantity, a court must err on the side of caution). See **United States v. Whelan,** 396 F.App'X 197 (6th Cir. 2010)(erring on the site of caution)

## E V I D E N C E

Alxleotold Gordon argues that it was the government burden at sentencing to establish the quantity of drugs **involved** in the offense by a preponderance of evidence. See **United States v. Rusell,** 545 F. 3d 633 (6th Cir. 2010). Alxleotold Gordon argues that the district judge calculate hi base offense level using its **own** amounts of drugs amounts, **without** explaining its reasons for doing so, and thereby increased Alxleotold Gordon sentence. Such hidden **judicial fact-finding** has devastating consequences for the actual and perceived fairness of our criminal justice system. See **Rosales-Mireles v. United States,** 138 S.Ct. 1847 (2018)(regardless of its ultimate reasonableness, a sentence that lacks **reliability** of unjust procedures may well undermine public perception of the proceedings.

## G U E S S W O R K

Alxleotold Gordon argues that the need to **estimate drug quantities** at times is **not** a license to calculate drug quantities by guesswork. See **United States v. Richards,** 27 F. 3d 465 (10th Cir. 1994).

Estimates of drug quantities are not necessarily **forbidden.** Alxleotold Gordon argues that the estimates must, have some basics of **support** in the **facts** of the particular case. See **United States V. Garcia,** 994 F. 2d 1499 (10th Cir. 1993). The estimates must, have some basis of support in the **facts** of the case. When choosing between a number of **pausible estimates** of drug quantity, **none** of which is **more** likely than **not** the correct quantity, the **judge** must err on the site of caution. Alxleotold Gordon argues that the sentencing commission clearly expressed its **intent** that **unreliable allegations** shall **not** be considered. **§6A1.3.**

2

Alxleotold Gordon has a due process right **not** to be sentenced on the basis of materially incorrect information. **United States v. Tucker,** 404 U.S. 443 (1972). Alexleotold Gordon argues that some **minimal** indication of **reliability** must accompany a hearsay statement, **other** than **mere allegation,** before it may be relied upon in sentencing. **United States v. Beauliey,** 843 F. 2d 1177 (10th Cir. 1990).

Alxleotold Gordon argues that there is only one transaction **date** in the indictment. **(See Indictment).** The district judge evidently believed that because of the Presentence Report (PSR) provided reliable information, he could rely on it regarding the quantity of **drugs** distributed without any independent corroboration. This is contrary to the sentencing commission's intent expressed in the commentary to **§6A1.3.** The district judge's finding that Alxleotold Gordon is responsible for any drugs **is clearly erroneous.**

Alxleotold Gordon argues that recognition of the need to **estimate drug** quantities at times is **not** a license to calculate drug quantities **by gesswork.** See **United States v. Paulino,** 996 F. 2d 1541 (3d Cir. 1993).

## S E N T E N C I N G

Alxleotold Gordon argues that in calculating a defendant's base offense level under the sentencing guidelines, the sentencing judge must consider types and quantities of drugs **not** specified in the **counts** of conviction but that were part of the **same** course of **conduct** or common scheme or plan as the convicted offense. **§1B1.3(a)(2).**

Alxleotold Gordon argues that **any act used** to **enhance** a defendant's sentence **must** be part of the same course of conduct or common scheme or plan as the offense of conviction. **§1B1.3(a)(2).** Section 1B1.3(a)(2) should **not** be applied to offenses that are of the **same kind,** but **not** encompassed in the **same** course of conduct or plan as the convicted offenses. The sentencing court are thus required to explicitly **state** and support, **either** at the sentencing hearing **or** (preferably) in a **written** statement of reasons, the finding that the unconvicted activities **bore** the necessary **relation** to the convicted offense.

## B U R D E N S   O F   P R O O F   "P R O S E C U T I O N"

Alxleontold Gordon argues that the government bears the burden of establishing the quantity of drugs by a preponderance of evidence,

## REASON FOR AMENDMENT 782
### THE PERTINENT GUIDELINES AND POLICY STATEMENT

The sentencing commission, itself, expressly stated that the purpose of amendment 782 was to **change** how the applicable **statutory minimum** penalties are **incorporated** into the **drug quantity table** while **maintaining consistency with such penalties,** and that it served this purpose by reducing by **two levels** the **offense levels** assigned to the **quantities** that **trigger** the **statutory mandatory minimum** penalties, **resulting in corresponding guideline ranges** that **include** the **mandatory minimum** penalties. **United States Sentencing Commission. Federal Sentencing Guidelines Manual. Vol.3, Amendment 782. Reason for Amendment.**

As the sentencing commission explained, more fully, this amendment changes how the applicable **Statutory Mandatory Minimum** penalties are incorporated into the **Drug Quantity Table** while maintaining consistency **with such** penalties. See **28 USC §994(b)(1)** (providing that each sentencing range **must** be consistent with all pertinent provisions of title 18, United States Code); See also **28 USC §994(a)** (providing that the commission shall promulgate guidelines and policy statements consistent with all pertinent provisions of any federal statute).

Alxleotold Gordon knows that amendment 782 **does** absolutely **nothing** to reduce the drug quantity that triggers a mandatory minimum.

## E X A M P L E

The amendment reduces **by two levels** the offense levels assigned to the quantities that trigger the **statutory mandatory minimum** penalties, resulting in corresponding guideline ranges that **include** the mandatory minimum penalties. Offenses **involving** drug quantities that trigger a **five years** statutory minimum are assigned a **base level** of **24** (51-63) months a criminal History category 1, which includes the five-year (60 month) statutory minimum for such offenses, and offenses **involving** drug quantities that trigger a ten-year statutory minimum are assigned a base offense level of 30 (97-121 months of criminal history category 1, which includes ten-years (120 months) statutory minimum for such offenses. Offense levels for quantities **above** and **below** the mandatory minimum **threshold quantities** similarly are adjusted **downward by two levels,** except that the **minimum** base offense level of **6** and the **maximum** base offense level of **38** for most drug types is retained, as are

4

previously **existing** minimum and maximum base offense levels **for particular drug types.** United States Sentencing Commission, Federal Sentencing Guidelines Manual, Vol.3. Amendment 782. Reason for Amendment.

## NON-DELEGATION AND SEPARATION-OF-POWER "ULTRA VIVES"

**Unauthorized:** beyond the scope of power allowed or granted. See Blak's Law Dictionary. See **Mistretta v. United States,** 488 U.S. 361 (1989).

Alxleotold Gordon argues that the **integrity** and the maintenance of the system of government ordained by the Constitution mandate that Congress **cannot delegate** its legislative power to another Branch. 488 U.S. at 371-72; **Field v. Clark,** 143 U.S. 649 (1892).

## R E L I E F   R E Q U E S T

To GRANT my Pro-Se **§3582(c)(2)** Amendment 782 Drug + 2  Motion to Base Level **6, 0-6** months or to **Time Serve.**  Base on the indictment in count 2 of the indictment. **No Drugs. (See Indictment).**

Alxleotold Gordon
Reg. No.: 55344-039
F.C.I. Texarkana
P.O.BOX 7000
Texarkana, TX 75505-7000

Axleotold Gordon 55344-039
Federal Correction Intution
P.O. Box 7000
TexArKana, TX 75505

SHREVEPORT LA 710
APR 2025  PM 2  L

RECEIVED

APR 2 3 2025

CLERK'S OFFICE
DETROIT

Federal Building
526 WAter Street
Port HuroN, Mi 48060

48060-543999

Legal
MAil

Legal
MAil