# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

|  |  |
|---|---|
| Plaintiff, | Case No. 17-20067-02 |
| v. | Judith E. Levy<br>United States District Judge |
| Alxleotold Gordon, |  |
| Defendant. | Mag. Judge Elizabeth A.<br>Stafford |

_____/

# OPINION AND ORDER DENYING
# <u>DEFENDANT'S MOTIONS [133, 134, 135]</u>

Before the Court are three motions filed by Defendant Alxleotold Gordon. The motions are "Amendment 821 Retroactiv[i]ty motion for sentence reduction pursuant to 18 U.S.C. § 3582(2)," (ECF No. 133), and "18 U.S.C. § 3582(c)(2) Pro-Se Motion AMENDMENT 782 Drug + 2." (ECF Nos. 134, 135.)

For the reasons set forth below, Defendant's motions are denied.

## I.    Background

On September 18, 2017, Defendant Alxleotold Gordon pled guilty to four offenses pursuant to a Rule 11 agreement: distribution of a

controlled substance, resulting in death, in violation of 21 U.S.C. § 841 (Count 2); possession of a controlled substance with an intent to distribute in violation of 21 U.S.C. § 841 (Count 4); possession of one or more firearms in furtherance of a controlled substance offence in violation of 18 U.S.C. § 924(c) (Count 5); and possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (Count 6). (See ECF No. 54, PageID.197.) Per Defendant's presentence investigation report, Defendant's undisputed guideline range was 360 months to life, Count 2 carried a mandatory minimum sentence of at least 240 months, and Count 5 carried a consecutive, mandatory minimum sentence of at least 60 months. (*Id.* at PageID.200–201.) Defendant was subsequently sentenced to a total term of 360 months' incarceration by the Honorable Robert H. Cleland. (ECF No. 72, PageID.343.) On July 31, 2023, the case was reassigned from Judge Cleland to the undersigned.

## II.   Legal Standard

Defendant appears to argue that the Court should amend his sentence pursuant to 18 U.S.C. § 3582(c)(2). Pursuant to § 3582(c)(2), the Court may reduce a sentence if the "sentencing range [ ] has subsequently been lowered by the Sentencing Commission." First, the Court

determines whether a reduction is consistent with the policy statements set forth in U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, the Court determines whether the reduction in sentence is warranted according to any applicable factors set forth in 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 827.

### III. Defendant's 18 U.S.C. § 3582 motion regarding Amendment 821 (ECF No. 133)

Defendant's "Amendment 821 retroactiv[e] motion for sentence reduction pursuant to 18 U.S.C. § 3582(2)" states in its entirety the following:

> I'm writing this motion to see if I am qualify for a sentencing guideline under this amendment and to see if I am eligible First Step Act or Second Chances Act. I have currently serving almost nine years now and have complete a lot of FSA classes and got my G.E.D. and complete two drug program and have stay clear conduct the whole time. Just ask for some help with this matter. And this 18 Sec. 3621(b) that I got from my team. At 53 year old sir, I have learn how to change and make my life better if I can have a second chances sir.

(ECF No. 133, PageID.874.) The Court construes this motion as a request that Defendant be eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) due to Amendment 821, the First Step Act, the Second Chances Act, and 18 U.S.C. § 3621(b). (ECF No. 133, PageID.874.)

3

## A.    18 U.S.C. § 3582(c)(2) and Amendment 821

18 U.S.C. § 3582(c)(2) permits the Court to reduce a sentence if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Court may "grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Dillon v. United States*, 560 U.S. 817, 822 (2010) (quoting § 3582(c)(2)).

Here, Defendant references United States Sentencing Guidelines Amendment 821, which went into effect on November 1, 2023, after Defendant was sentenced. Defendant does not provide any explanation as to how Amendment 821 could lower his sentencing range.

The Court has reviewed Defendant's sentencing guidelines and Amendment 821 and has determined that Defendant is not eligible for a retroactive reduction in sentence based on Amendment 821. Part A of Amendment 821 amends the impact of status points given to a defendant due to their committing the instant offense while under a criminal justice sentence such as probation. *See* U.S.S.G. § 4A1.1. The Court's review of

4

Defendant's presentence report indicates that he was not given any such status points and does not appear to have committed the instant offense while under another criminal justice sentence.

Further, Part B of Amendment 821 changes the offense level of those who have zero criminal history points. The Court's review of Defendant's presentence report indicates that he had a criminal history score of three and is thus not eligible.

As such, Defendant is not eligible for any reductions per the changes set forth in Amendment 821.

## B.    First Step Act

Defendant mentions the First Step Act in his motion but does not explain on what basis this statute would result in a sentence reduction. The Court construes this as a motion for compassionate release

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A), which governs motions for compassionate release or modification of a sentence. These motions may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the

compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted).

Defendant has previously filed motions for compassionate release. (ECF Nos. 108, 116, 122.) These motions were denied. (ECF Nos. 115, 129.) Defendant's current motion (ECF No. 133) is deficient. There is no indication that he has exhausted his administrative remedies. *Jones*, 980 F.3d at 1104–05. For this reason, Defendant's current motion must be denied.

Further, "rehabilitation of the defendant is not, by itself," a suitable reason to grant a motion for compassionate release. U.S.S.G. § 1B1.13(b)(5). The Court commends Defendant for completing classes, obtaining a G.E.D., and completing drug programs. However, under existing law, Defendant's rehabilitation cannot support a finding of extraordinary and compelling circumstances supporting compassionate release.

### C.    Second Chances Act and 18 U.S.C. § 3621(b)

Defendant also references the Second Chances Act and 18 U.S.C. § 3621(b) in his motion but does not explain on what basis these statutes would result in a sentence reduction. The Court construes these

6

references as a motion for a recommendation for residential reentry center placement. This motion is denied without prejudice.

The Second Chance Act of 2007 states, in relevant part, that:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624. Such placement is intended to "afford that [individual] a reasonable opportunity to adjust to and prepare for the reentry of that [individual] into the community." 18 U.S.C. § 3624(c)(1). The First Step Act of 2018 modified 18 U.S.C. § 3624 by elaborating the appropriate risk assessment levels for individuals placed in prerelease custody. Pub. L. No. 115 –391, § 102, 132 Stat. 514 (2018). However, the First Step Act did not change that the BOP—not the Court—has the authority to make determinations related to prerelease custody. *United States v. Parks*, No. 1:17CR137, 2019 WL 5085968, at *2 (N.D. Ohio Oct. 10, 2019). Further, "the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to

7

consider it." *United States v. Burkhart*, No. CR 6:03-036-DCR, 2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019) (quoting *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009)). In determining whether placement in a residential reentry center or other prerelease custody is appropriate, the BOP conducts an individualized assessment based on the five factors set out in 18 U.S.C. § 3621(b).

The appropriate time for a judicial recommendation regarding placement in an RRC is seventeen to nineteen months before an individual's projected release date, when the BOP conducts its review for such a potential placement. *See Galvin v. Sepanek*, No. 12-CV-119-HRW, 2014 WL 4230467, at *2 (E.D. Ky. Aug. 25, 2014) (quoting *Ramirez v. Eichenlaub*, No. 06-CV-1493, 2008 WL 4791892, 3 (E.D. Mich. Oct. 30, 2008) ); *see also United States v. Hall*, No. 2:17-CR-20331-TGB, 2019 WL 3334564, at *1 (E.D. Mich. July 25, 2019) (noting that Hall's previous motion for a judicial recommendation had been denied because he was not within seventeen to nineteen months of his projected release date). By adopting BOP's timeline for determining the appropriate length of an RRC placement, a court ensures that it has a more complete record of the defendant's time in custody before making its recommendation.

8

Defendant's expected release date is in August 2042. Thus, Defendant's motion for a recommendation from the Court to be placed in an RRC for the last twelve months of his sentence is premature because he has over 16 years left in his sentence. As such, his motion for a judicial recommendation is denied without prejudice.

## IV. Defendant's 18 U.S.C. § 3582(c)(2) motions regarding Amendment 782 (ECF Nos. 134, 135)

The contents of ECF Nos. 134 and 135 are identical; as such, the Court will address those two motions together.[1] Here, Defendant appears to argue that his sentencing range has subsequently been lowered by the Sentencing Commission due to Amendment 782.

To the extent Defendant argues that Amendment 782 has lowered his sentencing range post-judgment, he is incorrect. Amendment 782 of the United States Sentencing Guidelines reduced the total offense level of some drug quantities under § 2D1.1(c) by two levels. *See Wallace v. United States*, No. 16-20581, 2018 WL 10456567, at *1 (E.D. Mich. Dec. 6, 2018) (citing U.S.S.G. § 2D1.1(c) (2016); U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 2012–Nov. 2016)). Amendment 782 went into effect on

---

[1] The Court also notes that these motions are unsigned, in violation of the federal rules. *See* Fed. R. Crim. P. 49(b)(4); Fed. R. Civ. P. 11(a).

November 1, 2014. *See Hughes v. United States*, 584 U.S. 675, 684 (2018); U.S.S.G. App. C, Amdt. 782.

Here, Defendant was sentenced on June 19, 2018. (ECF No. 72.) Therefore, to the extent the Amendment would apply to Defendant's sentence, Defendant's sentence already incorporates the lower levels established by Amendment 782.

## V.     Conclusion

For the reasons set forth above, the Court DENIES Defendant's motions. (ECF Nos. 133, 134, 135.)

IT IS SO ORDERED.

Dated: November 24, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2025.

                                  s/William Barkholz
                                  WILLIAM BARKHOLZ
                                  Case Manager