**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff, Case No. 17-20067-02

v. Judith E. Levy
United States District Judge

Alxleotold Gordon,

Mag. Judge Elizabeth A. Stafford

Defendant.

________________________________/

**ORDER GRANTING THE GOVERNMENT'S MOTION FOR LEAVE TO FILE UNDER SEAL [142]**

Before the Court is the Government's motion for leave to file under seal its response brief and exhibit to Defendant's motion for a reduction of sentence and/or for compassionate release. (ECF No. 142.) The exhibit consists of Defendant's medical records and portions of the Government's response brief contains excerpts and quotes from these medical records. The Government filed a redacted copy of its brief and filed under seal the exhibit and an unredacted copy of the brief. (*See* ECF Nos. 142, 143.)

Eastern District of Michigan Local Rule 5.3 governs material filed under seal.[1] "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id*. at (b)(3)(B)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Group*, 925 F.3d at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

[1] Local Rule 5.3 applies to both civil and criminal matters. *See* Local Rule 1.1(c).

The Court agrees that these portions of the Government's brief should remain redacted. The Court also agrees that the exhibits should be filed under seal. The redacted portions of the Government's brief and the exhibit contain Defendant's medical information. "Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Detillion v. Ohio Dep't of Rehab. & Corr.*, No. 2:22-cv-2671, 2023 WL 4925415, at *2 (S.D. Ohio Aug. 2, 2023) (quoting *Frohn v. Globe Life & Accident Ins. Co.*, No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022)).

The second and third factors also favor sealing of these records. Defendant's interest in sealing his personal medical records outweigh the benefits of disclosure to the public, and the majority of the Government's response brief is still publicly accessible.

For the reasons set forth above, the Government's motion for leave to file under seal is GRANTED. (ECF No. 142.)

IT IS SO ORDERED.

Dated: August 14, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2026.

s/Kourtney Collins
KOURTNEY COLLINS
Case Manager