**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff,

v.

Alxleotold Gordon,

Defendant.

Case No. 17-20067-02

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

_________________________________/

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE [139]**

Before the Court is Defendant Alxleotold Gordon's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 139.) Defendant has filed previous motions for a reduction of his sentence. (*See* ECF Nos. 116, 122, 133, 134, 135, 137.)

## I. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed by the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative

process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted).[1]

Motions brought under 18 U.S.C. § 3582(c)(1)(A)(i) require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

The applicable policy statement by the Sentencing Commission provides that "[e]xtraordinary and compelling reasons exist under any of

[1] Defendant states in his motion that he "exhausted administrative remedies" when the Warden failed to respond to his "cop-out" and thirty days elapsed. (ECF No. 139, PageID.938.) The government does not dispute Defendant's exhaustion of administrative remedies. (ECF No. 146, PageID.1119.)

the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. § 1B1.13(b)(1)–(6). However, the sixth circumstance, a non-retroactive change in the law, was determined to be invalid by the Sixth Circuit in *United States v. Bricker*, 135 F.4th 427, 450 (6th Cir. 2025).

Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). While rehabilitation alone does not qualify as an extraordinary or compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

## II. Analysis

First, Defendant argues that a reduction in sentence is warranted under U.S.S.G. § 1B1.13(b)(6). (ECF No. 139, PageID.939.) Section 1B1.13(b)(6) concerns "unusually long sentences." It states, "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id.* However, the Court may not consider § 1B1.13(b)(6). The Sixth Circuit in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025), held that §1B1.13(b)(6) is invalid and that decision is controlling on this Court.

Second, Defendant appears to argue that the sentencing Court sentenced him to a term of imprisonment greater than what was set forth in his Rule 11 Plea Agreement. (ECF No. 139, PageID.939.) As set forth in Defendant's motion,

> The problem is the plea agreement was breached, the plea expressly says "The Court MUST sentence" Gordon to 300 months, this

> created a sentence disparity that permeates the current sentence. The sentence was supposed to be a 25 year sentence 20 years for the drugs, and 5 years for the weapons.

(*Id.*)

Even assuming that this argument could form the basis of an "extraordinary circumstance" under U.S.S.G. 1B1.13(b)(5), Defendant's description of his plea agreement is not accurate. Defendant pled guilty to Counts Two, Four, Five, and Six of the First Superseding Indictment. (ECF No. 54, PageID.197.) The Plea Agreement states that "the Court must impose a sentence of imprisonment on Counts One and Five of a total of 24 years (300 months)." (*Id.* at PageID.202 (emphasis added).) There was no requirement that Defendant be sentenced to 300 months for all Counts.

Third, Defendant references the "Warden's Exception provision of the first step act." (ECF No. 139, PageID.940.) According to Defendant, wardens have been instructed to "boldly exercise the discretion they have always had by statute including (FSA) to grant compassionate release." (*Id.*) He argues that he fits the criteria for the "Warden's Exception" and thus should be granted compassionate release. (*Id.*) The Court is not aware of the "Warden's Exception" provision of the First Step Act.

Additionally, it is not clear why a provision instructing Wardens to take certain actions would give the Court authority to grant Defendant's motion for compassionate release.

Finally, Defendant raises his medical conditions as an extraordinary circumstance warranting a reduction of sentence. (ECF No. 139, PageID.938.) A defendant's medical condition may constitute extraordinary and compelling reasons under the Sentencing Commission's policy statement in § 1B1.13 if:

> (A) The defendant is suffering from a terminal illness . . . .
>
> (B) The defendant is--
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1).

Defendant argues that these circumstances apply to him. He has previously raised that "he has human immunodeficiency virus ('HIV'), is diabetic, has issues with vertebrae in his neck and back, has mental health problems, and takes several medications." (ECF No. 115, PageID.640 (citing ECF No. 108, PageID.554).) Defendant also states that he "nearly bled to death after a work related accident" at FCI Texarkana, that medical staff were "neglectful" in his recovery, and "2 other inmates died of preventable causes due to Medical neglect." (ECF No. 139, PageID.938.)

The Court finds that these health issues do not constitute extraordinary and compelling issues. Defendant's health records demonstrate that his ongoing medical conditions are well-managed. (*See* ECF No. 143.) Plaintiff also fails to set forth evidence that the care he received for his work-related accident was neglectful.

## III. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion for reduction of sentence. (ECF No. 139.)

IT IS SO ORDERED.

Dated: September 2, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 2, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager